IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE DELTONDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 2:22-350 |
| ) | |
| ) | Magistrate Judge Dodge |
| THE SCHOOL DISTRICT OF PITTSBURGH, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Denise Deltondo ("Deltondo") brings this civil rights action against her former employer, the School District of Pittsburgh, the Board of Public Education and multiple other defendants. Her claims arise out of her suspension and what she claims to be her constructive discharge from her employment as a teacher.

Currently pending before the Court is Defendants' motion to strike portions of the Amended Complaint (ECF No. 24) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted in part and denied in part.

**I.  Brief Procedural History**

Deltondo commenced this action in February 2022. She filed an Amended Complaint on May 20, 2022 (ECF No. 13) after Defendants filed motions to dismiss and to strike. Her claims include retaliation and political affiliation in violation of the First Amendment, procedural due process and stigma-plus claims under the Fourteenth Amendment and a request for declaratory relief.

After a court-ordered meet and confer, the parties were unable to resolve any issues regarding deficiencies raised by Defendants with respect to the Amended Complaint. Defendants

then filed a motion to dismiss, which is the subject of a separate opinion, and a motion to strike portions of the Amended Complaint (ECF No. 24), which has been fully briefed (ECF Nos. 25, 30, 32).

## II. Discussion

Invoking Rule 12(f) of the Federal Rules of Civil Procedure, Defendants move to strike multiple paragraphs and language from Deltondo's Amended Complaint. Defendants' motion to strike asserts that the Amended Complaint fails to conform with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint include a "short and plain statement" of the claim. According to Defendants, the Amended Complaint, which is 59 pages long and contains 270 paragraphs, fails to comply with Rule 8(a). *See, e.g., Downing v. York County Dist. Atty.*, 2005 WL 1210949, at *2 (M.D. Pa. Apr. 21, 2005) (striking complaint that was 33 pages long and contained 299 paragraphs, of which 280 constituted the factual background and appeared to constitute "evidence"); *Burks v. City of Philadelphia*, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (striking a "36-page, 128-paragraph narrative that describe[d] [the claim] in unnecessary, burdensome, and often improper argumentative detail"); *Drysdale v. Woerth*, 1998 WL 966020, at *2 (E.D. Pa. Nov. 18, 1998) (striking a 93-paragraph narrative complaint that also "contain[ed] scandalous, impertinent and unnecessary material"); *Nagel v. Pocono Med. Ctr.*, 168 F.R.D. 22, 23-24 (M.D. Pa. 1996) (striking a 26-page, 184-paragraph complaint containing "series after series of paragraphs setting forth nearly the same language as preceding paragraphs, changing only minor facts, often only single words.")

Defendants further contend that the bulk of the Amended Complaint includes "redundant, immaterial, impertinent, and scandalous matters" (ECF No. 25 at 2) that should be stricken pursuant to Rule 12(f). Deltondo responds that the motion to strike is without merit and that

Defendants have violated Federal Rule of Civil Procedure 12(g)(2) by filing separate motions instead of combining all of their arguments in one motion.[1]

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial allegations are those that have no essential or important relationship to the claim for relief or the defenses being pleaded. *Conklin v. Anthou*, 2011 WL 1303299, at* 1 (M.D. Pa. Apr. 5, 2011); 5C Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2019). Impertinent allegations consist of "statements that do not pertain, and are not necessary, to the issues in question." *In re Shannopin Mining Co.*, 2002 WL 31002883, at *28 (W.D. Pa. Jul. 25, 2002); 5C Wright & Miller, *supra*, § 1382. Scandalous allegations "improperly cast[] a derogatory light on someone, most typically on a party to the action." 5C Wright & Miller, *supra*, § 13. District courts have "considerable discretion in disposing of a Rule 12(f) motion to strike." 5C Wright and Miller, *supra* § 1382.

The Court of Appeals for the Third Circuit has "repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). "Striking a pleading is a drastic remedy to be resorted to only when required for

---

[1] The latter argument is unavailing. Defendants' motion to strike was filed first, but both motions were filed on the same day. Thus, Defendants have not filed a second motion after their "earlier motion" was denied, but rather, raised arguments in two motions that were filed sequentially. *See* Fed. R. Civ. P. 12(g)(2). More importantly, Rule 12(h)(2) explicitly provides that failure to state a claim upon which relief can be granted may also be raised in a motion for judgment on the pleadings under Rule 12(c) or a motion to dismiss at trial. Thus, even if Defendants were required to raise all their arguments in one motion, the omission of a Rule 12(b)(6) argument from an initial Rule 12 motion does not waive a defendant's ability to raise the argument later in the proceedings. *See Hart v. City of Philadelphia*, 779 F. App'x 121, 124 (3d Cir. 2019) (when first motion was based on Rule 8, Rule 12(g)(2)'s bar of successive motions was inapplicable, and even if it violated the Rule, a district court's decision to consider both motions is "usually harmless.").

3

the purposes of justice and should be used sparingly." *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (citation and quotation marks omitted).

With these standards in mind, each of the specific issues raised by Defendant will be addressed below:

### A. The First 103 Paragraphs of the Amended Complaint and Needless Repetition

Defendants first contend that the first 22 pages of the Amended Complaint, consisting of 103 paragraphs, should be stricken on the ground that they are immaterial, impertinent and redundant. This portion of the Amended Complaint contains most of Deltondo's factual assertions that are the basis of her claims: Deltondo reposted the post that is at issue (Am. Compl. ¶¶ 14-15); the Superintendent responded (*id.* ¶ 27); Deltondo was placed on paid suspension (*id.* ¶ 38); a due process hearing was scheduled and took place (*id.* ¶¶ 55-56); what occurred at the hearing (*id.* ¶¶ 59-60); Deltondo was issued a Statement of Charges and placed on unpaid suspension (*id.* ¶ 68); her counsel responded (*id.* ¶ 88); Defendants scheduled another hearing (*id.* ¶ 90); and Deltondo resigned two days before this hearing was scheduled to take place (*id.* ¶¶ 91-92).

While these allegations, or at least some of them, appear to be related to Deltondo's claims, the Court notes that many of these allegations are repeated again, and in some cases multiple times, in the remainder of the Amended Complaint. In addition to seeking to strike the first 103 paragraphs, Defendants move to strike a number of other allegations that recur multiple times in the Amended Complaint (*see, e.g.,* Am. Compl. ¶¶ 27, 30, 39, 42, 52, 62, 79, 97, 100, 103, 128(a, n), 141, 169(a, n), 178, 181, 185, 199, 201, 234, 236, 244, 245, 246, 255).

While Deltondo asserts that this case is "complex," the incidents that form the basis of her four counts are capable of being described substantially more succinctly than she has done and without unnecessary repetition. Thus, the Amended Complaint hardly represents a "short and plain

statement" of Deltondo's claim. And notably, Deltondo was aware of the deficiencies raised by Defendants through the process of a meet and confer and declined to make any revisions.

Nevertheless, the "standard for striking under Rule 12(f) is strict and ... only allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken. Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice." *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004) (citations omitted). Many complaints are filled with redundancies, but Defendants have not demonstrated that these allegations require this drastic remedy. Notably, as Defendants understandably acknowledge, given the difficulty, time and resources that would be involved in identifying and all repetitive paragraphs, the Court declines to strike Paragraphs 1-103 or the other redundancies. Moreover, the fact that the Court has recommended dismissing of three of the four counts of the Amended Complaint reinforces the conclusion that it is not in the interests of judicial economy to do so. Thus, these paragraphs will not be stricken on the ground of redundancy or immateriality.

At the same time, as discussed below, certain paragraphs are either immaterial, impertinent or scandalous, and as such, will be stricken.

### B.  Deltondo's Personal Opinions

Defendants move to strike Deltondo's personal opinions that allowing them to terminate her for controversial speech would "give carte blanche to the Heckler's Veto and render the First Amendment a dead letter" (Am. Compl. ¶ 159) and that the "right to free speech in the First Amendment which protects Plaintiff's Facebook posts is basic Civics 101" (*id.* ¶ 206). While the Court finds that these allegations may, in fact, represent Deltondo's opinions, they will not be stricken because at least arguably, they could be interpreted as somehow related to her First Amendment claim. On the other hand, paragraphs 6, 7, 20 and 21 (the latter two of which are

repetitious of the first two paragraphs) represent allegations of purported fact about individuals who receive public assistance and what the majority of Americans believe. The issues in this case revolve around whether Deltondo was improperly disciplined and constructively terminated for *expressing certain opinions*, not whether her opinions are true. Thus, these statements are immaterial to the issues in this case and will be stricken.

      C.  <u>References to Nonasserted Causes of Action</u>

Defendants move to strike all references in the Amended Complaint to a "hostile work environment," breach of the "Collective Bargaining Agreement" ("CBA"), and "defamation," contending that these references are irrelevant because she does not assert claims for a hostile work environment, breach of the CBA or defamation. Because Deltondo does not assert claims for breach of the CBA, defamation or hostile work environment, Defendants assert that words or phrases referencing these terms should be dismissed because they have legal significance or are legal terms of art.

The Court is recommending dismissal of Counts II, III and IV, and therefore, it is not necessary to strike references to these terms in those counts. It also finds it unnecessary to strike references to the CBA, the terms "defamed," "defaming," and "defamatory" or references to a "hostile work environment" and "hostile environment." It is clear from a reading of the Amended Complaint that Deltondo is not asserting claims for breach of contract claim, hostile work environment or defamation, and therefore, the use of these legal terms is not unfairly prejudicial and will not unduly confuse the facts and law at issue. In addition, at least arguably, the use of these terms may relate in some fashion to her First Amendment free speech retaliation claim in Count I.

D.  Scandalous/Impertinent Allegations About Defendants

In numerous paragraphs of the Amended Complaint, Deltondo refers to the Defendants as "leftwing" or "the Left" (Am. Compl. ¶¶ 2, 26, 33, 34, 102, 124, 181). She also refers to them as "overwhelmingly liberal and Democratic" (*id.* ¶¶ 124, 165, 186, 187, 218), claims that they viewed her as "their political opponent" (*id.* ¶¶ 10, 23, 26, 33, 34, 42, 102, 165, 181) and that their actions were based on "ideological hatred" (*id.* ¶ 45) or "political animus" (*id.* ¶¶ 35, 74, 128(a), 169(a)). She further asserts that "Republicans and conservatives can be disciplined and terminated at will simply because their Democratic governmental employer disagrees with their opinions." (*id.* ¶ 187). The Court has recommended that Count II, which relates to political association retaliation, should be dismissed and therefore, all such references are not only scandalous and/or impertinent, but immaterial and irrelevant as well. Moreover, these references have no bearing on whether Deltondo was suspended and then terminated for expressing her opinions.

Deltondo includes other scandalous opinions and accusations about one or more of the Defendants throughout the Amended Complaint that are pejorative, derogatory and unduly prejudicial (Am. Compl. ¶¶ 49, 59, 60, 64, 71, 74, 75, 76, 80, 86, 96, 97, 101, 164, 168, 170, 186, 187, 189, 193 and 194).

Thus, all of the paragraphs cited above will be stricken.

E.  References to Case Law

Deltondo's Amended Complaint is rife with unnecessary citations to and quotes from various case law. Defendants move to strike case law references to constructive discharge and the treatment of First Amendment claims by students (as opposed to employees such as teachers) on the ground that they are immaterial, impertinent and unrelated to the issues in the case (Am.

Compl. ¶¶ 25, 37, 94, 154-55, 197-98). Notably, there are a substantial number of other case citations that have no purpose in a complaint. Nonetheless, while references to and discussion of case law in a complaint are both unnecessary and inconsistent with Rule 8, the Court declines, in the interest of judicial economy, to strike them.

      F.  <u>Other Issues Raised by Defendants</u>

Defendants assert that the Amended Complaint includes a number of other allegations that are immaterial, redundant, impertinent or represent other personal opinions of Deltondo. The Court agrees that Deltondo's approach to pleading her claims, which was unchanged even after a Court-ordered meet and confer, is not in conformity with the pleading requirements of the Federal Rules of Civil Procedure. At the same time, the nature of her claims can be determined despite the unwieldy length and often superfluous or repetitive content of her Amended Complaint. Thus, it is in the best interests of the parties and the most effective use of judicial resources to advance this lawsuit without striking every allegation that may be redundant or immaterial.

Therefore, this 30th day of January, it is hereby ORDERED that the following paragraphs of the Amended Complaint are stricken: Paragraphs 2, 6, 7, 10, 20, 21, 23, 26, 33, 34, 35, 42, 45, 49, 59, 60, 64, 71, 74, 75, 76, 80, 86, 96, 97, 101, 102, 124, 128(a), 164, 165, 168, 169(a), 170, 181, 186, 187, 189, 193, 194 and 218.

It is further ORDERED that Defendants' Motion to Strike is otherwise DENIED.

                                          BY THE COURT:

                                          /s/Patricia L. Dodge
                                          Patricia L. Dodge
                                          United States Magistrate Judge