IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE DELTONDO,

                    *Plaintiff*,

    v.

THE SCHOOL DISTRICT OF
PITTSBURGH, *et al*,

                    *Defendants*.

Civil Action No. 2:22-cv-350

Hon. William S. Stickman IV
Hon. Patricia L. Dodge

## <u>ORDER OF COURT</u>

Plaintiff Denise Deltondo ("Deltondo") commenced this civil rights action under 42 U.S.C. § 1983 in February 2022, after her suspension and alleged constructive discharge as a teacher. (ECF No. 1). She then filed a First Amended Complaint naming as Defendants the School District of Pittsburgh, the Board of Public Education of the School District of Pittsburgh, Anthony Hamlet, Tiffany R. Waskowicz, Dr. David May-Stein, Dr. Monica Lamar, Anne Reckhouse, Sylvia Wilson, Kevin Carter, Terry Kennedy, Cynthia Falls, William J. Gallagher, Pamela Harbin, Sala Udin, Veronica Edwards and Devon Taliaferro (collectively, "Defendants"). (ECF No. 13). Deltondo brings the following claims against all Defendants in her First Amended Complaint: Count 1 – First Amendment Retaliation for Expression; Count II – First Amendment Retaliation for Political Affiliation; Count III – Procedural Due Process; and Count IV – Declaratory and Equitable Relief – Name-Clearing Hearing. (*Id.* at 30-56).

### I.      Motion to Dismiss

Defendants filed a Motion to Dismiss Plaintiff Denise Deltondo's First Amended Complaint with Prejudice ("motion"). (ECF No. 26). After the conclusion of briefing,

Magistrate Judge Patricia L. Dodge issued a Report and Recommendation that the motion be granted in part and denied in part.  (ECF No. 36).  More specifically, she recommended that:  (1) the motion be granted in that Counts II, III and IV be dismissed with prejudice; (2) the motion be granted in that all claims against the individual School Board members (Sylvia Wilson, Kevin Carter, Terry Kennedy, Cynthia Falls, William J. Gallagher, Pamela Harbin, Sala Udin, Veronica Edwards and Devon Taliaferro) and Dr. David May-Stein (the Chief of School Performance), Dr. Monica Lamar (Assistant Superintendent) and Anne Reckhouse (Specialist for Workforce Management) be dismissed with prejudice; (3) the motion be denied as to Count I and it should proceed against the remaining Defendants; and (4) the motion be denied as premature as to Deltondo's demand for punitive damages.[1]  (*Id*).  The parties were given the opportunity to file objections.  Objections were filed as well as responses to objections.  (ECF Nos. 39-42). Defendants want the Court to dismiss with prejudice Count I, all claims against Anthony Hamlet (former Superintendent) and Tiffany R. Waskowicz (Director of Employee Relations), and Deltondo's punitive damage request.  Essentially, they want Deltondo's entire First Amended Complaint dismissed.  (ECF No. 39).  In contrast, Deltondo seeks to have all the counts in her First Amended Complaint proceed to discovery.  (ECF No. 40).

Objections to a magistrate judge's disposition of a dispositive matter are subject to *de novo* review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a *de novo* determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id*.  Following *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R.

---

[1] Deltondo is not seeking punitive damages against the municipal defendants.  (ECF No. 29, at p. 19).

Civ. P. 72(b)(3).  Upon review of Magistrate Judge Dodge's Report and Recommendation, the objections, the responses to objections, and Court's *de novo* review of the record in this matter, IT IS HEREBY ORDERED that all objections (ECF Nos. 29 and 40) to Magistrate Judge Dodge's Report and Recommendation are OVERRULED.  The Court has exercised its *de novo* review and concurs with Magistrate Judge Dodge's thorough analysis and her legal conclusions.  The Court has independently reached the same legal conclusions for the same reasons expressed in the comprehensive Report and Recommendation.  Therefore, the Court hereby APOPTS Magistrate Judge Dodge's Report and Recommendation as its Opinion.

**II.    Motion to Strike**

Magistrate Judge Dodge also issued a Memorandum Order granting in part and denying in part Defendants' Motion to Strike Pursuant to Fed. R. Civ. P. 12(f).  (ECF No. 36).  The following paragraphs in the First Amended Complaint were struck:  Paragraphs 2, 6, 7, 10, 20, 21, 23, 26, 33, 34, 35, 42, 45, 49, 59, 60, 64, 71, 74, 75, 76, 80, 86, 96, 97, 101, 102, 124, 128(a), 164, 165, 168, 169(a), 170, 181, 186, 187, 189, 193, 194 and 218.[2]  (*Id.* at p. 8).  The Court agrees with Magistrate Judge Dodge that Deltondo made many unnecessary and impertinent allegations about Defendants that are immaterial, irrelevant, pejorative, derogatory and unduly prejudicial.  These allegations are not compliant with the requirements of Federal Rule of Civil Procedure 8.  Furthermore, the First Amended Complaint is rife with unnecessary citations to and quotes from case law.  The Court concurs with Magistrate Judge Dodge's comment that, "Deltondo's approach to pleading her claims, which was unchanged even after a Court-ordered

---

[2] As Magistrate Judge Dodge recommended dismissal of Counts II, III and IV, she found it unnecessary to strike various paragraphs related to those counts referencing legal terms and causes of action not at issue as well as scandalous, impertinent and irrelevant references.  (ECF No. 36, p. 6).

meet and confer, is not in conformity with the pleading requirements of the Federal Rules of Civil Procedure." (ECF No. 36, p. 8).

To the extent that the last sentence in Deltondo's objections (i.e., "To the extent the paragraphs in the complaint are relied upon in these objections, they should not be stricken as they are pertinent and material." (ECF No. 40, p. 21)) is an objection to Judge Dodge's Memorandum Order, it is vague and does not specifically state the objection and the basis for the objection to each stricken paragraph. The Court's standard of review for non-dispositive matters is whether the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a), (b); Local Civil Rule 72.1(C)(2); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). That is certainly not the case here, and the Court will not alter Magistrate Judge Dodge's decision. If anything, the Court would be more inclined to strike additional portions of the First Amended Complaint. But, in the interest of advancing this litigation, the Court will not strike many of the other allegations that it views as redundant and immaterial.

The Court takes this opportunity to express its concern about the tone of Deltondo's pleadings, which are unnecessarily laced with anger and dangerously close to crossing the line between zealous advocacy and inappropriate and antagonistic behavior. The Court expects civility from the parties and that they behave fairly toward one another in the course of this action.[3] Uncivil behavior does not constitute effective advocacy; rather, it serves to increase litigation costs and fails to advance a client's lawful interests. No further incivility, pejorative and/or derogatory language in pleadings will be countenanced. It detracts from the substantive merits of the case and the Court will not become preoccupied with policing conduct.

---

[3] The rules of professional conduct adopted by this Court are the rules of professional conduct adopted by the Supreme Court of Pennsylvania. LCvR 83.3.

### III.  Conclusion

AND NOW, this __16__ day of March 2023, IT IS HEREBY ORDERED that Defendants'

Motion to Dismiss Plaintiff Denise Deltondo's First Amended Complaint with Prejudice (ECF

No. 26) is GRANTED IN PART and DENIED IN PART.  IT IS FURTHER ORDERED that:

1. Counts II, III and IV of the First Amended Complaint are DISMISSED WITH PREJUDICE.[4]

2. All claims in the First Amended Complaint against Sylvia Wilson, Kevin Carter, Terry Kennedy, Cynthia Falls, William J. Gallagher, Pamela Harbin, Sala Udin, Veronica Edwards, Devon Taliaferro, Dr. David May-Stein, Dr. Monica Lamar and Anne Reckhouse are DISMISSED WITH PREDJUDICE, and these defendants are TERMINATED as parties.

3. Count I of the First Amended Complaint will proceed against the remaining defendants – the School District of Pittsburgh, the Board of Public Education of the School District of Pittsburgh, Anthony Hamlet and Tiffany R. Waskowicz.

4. Deltondo's claim for punitive damages against the non-municipal defendants can proceed as it is premature for the Court to resolve at this stage of the proceedings.

---

[4] Deltondo has already filed two complaints, and despite a meet and confer with Magistrate Judge Dodge, she refused to resolve deficiency issues with her First Amended Complaint.  (ECF No. 36, p. 1).  Any further amendment by Deltondo would be futile in the eyes of the Court.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (a court may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility).  "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."  3 James Wm. Moore et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2021).

IT IS FINALLY ORDERED that the Court hereby AFFIRMS Magistrate Judge Dodge's

January 30, 2023 Memorandum Order (ECF No. 36).

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE