**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DENISE DELTONDO,       )
                        )     2:22-cv-350
                        )
       Plaintiff,    )
                        )
    vs.               )
                        )
THE SCHOOL DISTRICT OF  )
PITTSBURGH et al.,       )
                        )
       Defendants.

## MEMORANDUM ORDER

Plaintiff has filed a Motion to Compel Privilege Log and Related Discovery (ECF No. 67). For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

## I.   Relevant Background

According to Plaintiff, Defendants failed to produce a privilege log in response to her June 2023 document requests until October 30, 2023.[1] Plaintiff contends that there are numerous issues with the privilege log, including: (1) that it lacks specificity, making it impossible to evaluate the claim of privilege; (2) instead of producing documents that redact only those portions that include privileged communications, Defendants have withheld the entire document; and (3) many of the documents do not appear to be privileged. Each of these issues will be reviewed.

### A.   Issues Regarding Specificity

Plaintiff claims that Defendants' privilege log does not adequately describe the documents over which privilege is claimed. She notes that the log does not identify if Defendants are claiming privilege over the entire document or only a portion of it. She also states that the log includes

---

[1]The privilege log at issue is attached to Plaintiff's motion at ECF No. 67-2, pp. 253 to 258.

attachments to emails that have an insufficient description, and based on the information provided, do not appear to be privileged.

Plaintiff further asserts that with respect to each document, the privilege is identified as "Attorney-Client Privilege and/or Work Product." As such, she is unable to evaluate the nature of the privilege asserted.

In response, Defendants take the position that the log sufficiently identifies the documents, including the date of the document, document type, author, recipient, and anyone copied, the subject of the document and the privilege asserted. Thus, they argue, the log complies with Rule 34's guidance. They note that the contents of the log have been sufficient for Plaintiff to object to the withholding of certain documents, resulting in a re-evaluation and production by Defendants. Further, other challenges by Plaintiff were rejected by Defendants with an explanation.

Defendants further contend that their privilege log reflects clearly privileged documents that were to or from their solicitor and outside counsel, and to the extent that an attorney is identified as having received a copy, this is similarly protected because an attorney was copied to keep him or her informed or to provide legal advice as required. In addition, Defendants claim that an entire email chain may be withheld if the chain requests or renders legal advice or if the last email in the chain is sent to an attorney in order to seek legal advice about the rest of the chain.

As to the withheld attachments, Defendants claim that emails and their attachments share privilege when the attachments are part of the same family of documents provided to or sent by an attorney.

B.  Redaction Issue

Plaintiff asserts that when only a portion of a document includes privileged communications, the entire document should be produced with the privileged portion redacted.

2

However, she notes, Defendants have refused to do so. Without the ability to review the redacted document, it is difficult to assess the claim of privilege.

By contrast, Defendants claim that during the parties' communications that preceded Plaintiff's motion, they advised her that they were asserting privilege over the entire document. Thus, where privilege is asserted over an entire document, no portions are required to be produced. Further, Defendants contend that because producing documents where portions have been redacted runs the risk of inadvertent disclosure of the content of privileged communications, non-privileged portions are not segregable.

      C.   "Preliminary Indications" that Privilege was Waived or Inapplicable

Although asserting that there are preliminary indications that certain documents withheld by Defendants are not privileged, Plaintiff states that in order to make any such determination, she would need a more specific log and the production of redacted documents. Defendants dispute that any such preliminary indications exist.

**II.**   **Discussion**

      A.  Issues Regarding Specificity

The Court has reviewed the privilege log submitted by Defendants (ECF No. 67-2). Other than two issues that will be discussed, it is an adequate privilege log. As Defendants indicate, it includes the date and type of the document, the author, addressee and those to whom copies were sent, and the subject of the document. Thus, Plaintiff has been advised of sufficient information about the document itself. Indeed, as Defendants note, Plaintiff has been able to question certain of the entries based on the information in the log.

However, as Plaintiff points out, the same privilege that has been asserted with respect to every withheld document is "attorney-client privilege *and/or* work product." This does not inform

Plaintiff as to the precise privilege or privileges on which Defendants rely with respect to individual documents. As the Third Circuit has explained, "the work-product doctrine and the attorney-client privilege serve different purposes." *In re Chevron Corp.,* 633 F.3d 153, 164 (3d Cir. 2011). *See also Westinghouse Elec. Corp. v. Republic of the Philippines,* 951 F.2d 1414, 1427 (3d Cir. 1991) ("the purpose of the work-product doctrine differs from that of the attorney-client privilege"). The attorney-client privilege is designed to facilitate full communications between attorney and client. *Wachtel v. Health Net, Inc.,* 482 F.3d 225, 231 (3d Cir. 2007). By contrast, the work product doctrine, as set forth in Rule 26(b)(3)(A), protects materials prepared in anticipation of litigation as well as the "mental impressions, conclusions, opinions or legal theories" of a party's attorney. Fed. R. Civ. P. 26(b)(3)(A) and (B).

As such, Defendants' assertion of the basis for the privilege is inadequate.

In addition, the last page of the privilege log identifies a series of what are characterized as attachments in pdf, Word or picture format, as well as a spread sheet. It is unclear if one or more of these documents was an attachment to one of the other documents identified in the log, but if they were, they need to be associated with the document or documents to which they were attached. This will provide a clearer indication of the basis for the privilege asserted. If they were not associated with a document for which a privilege has been asserted, then Defendants must provide additional information so that Plaintiff can determine why a privilege has been asserted by identifying the document not in the log to which the attachment is associated.

### B.  Redaction Issue

As noted in Rule 34(b)(2)(C), an objection to producing only a part of a document that has been requested must specify that part and produce the rest. Fed. R. Civ. P. 34(b)(2)(C). As it relates more specifically to documents withheld on the basis of privilege, Plaintiff argues that Defendants

have improperly refused to produce documents in which only a portion of the document has been redacted based on privilege.

Of course, if Defendants assert a privilege over an entire document, they may withhold it. And similarly, if it is not possible to segregate the privileged portion from the remainder of the document without inadvertently disclosing the nature or content of the privileged communication, this is also an appropriate basis for withholding the entire document. On the other hand, the Court agrees with Plaintiff that it is common practice to produce redacted versions of documents where neither of these concerns exist. This serves to protect the privileged material while permitting an examination of the remainder of the document. Therefore, in the absence of any representation by Defendants that they have undertaken this analysis, Defendants' blanket objection to producing redacted versions of documents cannot be sustained.

C.  "Preliminary Indications" that Privilege was Waived or Inapplicable

Finally, the Court declines to engage in conjecture about Plaintiff's preliminary analysis of whether Defendants may have waived or improperly asserted privilege. After Defendants have complied with the order set forth below, Plaintiff may raise any issues she may have with the nature of Defendants' production, and Defendants may respond as appropriate. In the event that either party takes the position that certain issues that cannot be resolved absent an *in camera* review, they may make an appropriate motion.

Therefore, this 18th day of January, 2024, it is ORDERED that Plaintiff's motion to compel privilege log and related discovery is GRANTED in part as follows:

1.  No later than February 16, 2024, Defendants shall produce a revised privilege log that specifically identifies the privilege asserted for each document. Defendants shall not use the designation of "and/or" in identifying the privilege.

5

2.  Defendants shall also provide sufficient information in the revised privilege log to link each listed attachment with the document to which it was attached.

3.  Finally, Defendants shall review all documents in the revised privilege log to determine what documents may be produced in redacted form without waiving or disclosing attorney-client privileged communications or work product and shall produce any such documents no later than February 23, 2024.

All other relief sought by Plaintiff is DENIED.


BY THE COURT:


/s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge