IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE DELTONDO, | ) |
| | )     2:22-cv-350 |
| Plaintiff, | ) |
| vs. | ) |
| THE SCHOOL DISTRICT OF PITTSBURGH et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Defendants have filed a Motion to Compel Production of Documents (ECF No. 74) in which they seek the production of certain documents requested in their First Request for Production of Documents Directed to Plaintiff. As explained below, their motion will be granted in part and denied in part.

### I. Relevant Background

Plaintiff, a former teacher employed by the School District of Pittsburgh ("School District"), commenced this civil rights action in which she asserted various claims related to her suspension and discharge from employment. After Defendants' motion to dismiss was resolved, Plaintiff's sole remaining claim is a cause of action for First Amendment retaliation. This claim arises out of an incident in which she shared a Facebook post on her personal account that had been originated by someone else. The next day, Anthony Hamlet, who was at that time the superintendent of the School District, responded with posts on Facebook and Twitter in which he stated, among other things, that Plaintiff's post did not reflect the attitude or beliefs of the School

District. As a result, Plaintiff was placed on administrative leave, was subsequently suspended without pay, and claims that she was ultimately constructively discharged.

On June 13, 2023, Defendants served Plaintiff with a First Request for Production of Documents ("RFP"). As reflected in Exhibit B to their pending motion (ECF No. 74-2), objections and responses were provided by Plaintiff on or about August 7, 2023. While the parties attempted to resolve the disputes that are the subject of Defendants' motion, they have been unable to do so.

At issue are Plaintiff's responses to RFP Nos. 19, 21, 22, 31 and 32. Each will be addressed below.

**II.   Discussion**

    A.  RFP No. 19

As reflected in Exhibit A to Defendants' motion, RFP No. 19 seeks documents related to Plaintiff's employment after March 16, 2021, including the following request: "Completed W-2s for Plaintiff, pay stubs, tax returns, Form 1099s, and other information regarding her compensation and benefits (e.g., health care insurance, 401(k) plan, bonuses, and commissions)." Defendants represent that Plaintiff has not produced: (1) all annual earnings statements for the PSERS disability retirement benefits she received; (2) all federal, state, and local personal income tax returns for 2020, 2021, and 2022; and (3) corroborating W-2s for Ms. Deltondo's 2019 and 2021 taxes.

Defendants assert that this information is necessary for the calculation of Plaintiff's claimed damages and to "have accurate information to assess [Plaintiff's] credibility" and her assertion that she has been unable to work since leaving Defendants' employ.

In her response (ECF No. 87), Plaintiff indicates that she has produced every document in her possession that is responsive to RFP No. 19 other than two W-2 forms. She cannot find her

2

2019 W-2 but notes that Defendants would have this document as the School District issued it. She also states that she does not possess a W-2 for 2021 because she did not work that year. Plaintiff does not address the remaining categories of documents that are requested in RFP No. 19.

As an initial matter, the boilerplate response submitted by Plaintiff to this request is clearly inadequate. Simply objecting that a discovery request is "not relevant, nor is proportional" provides no meaningful information about the actual nature of the objection. Moreover, given Plaintiff's claim that she has sustained "grievous harm, including to her career, economically, mentally, emotionally, and reputationally" (ECF No. 13 ¶ 211), documents related to her employment and economic status are certainly relevant. And contrary to Plaintiff's response, the document request is undoubtedly proportional to the needs of this case.

Therefore, Plaintiff's objection to this request is overruled. Given that Plaintiff states that she has produced all documents in her possession that are responsive, she shall sign and provide a certification to Defendants that she has produced all documents in her possession that are responsive to RFP No. 19, or alternatively, produce any additional responsive documents and then provide the same certification.

B. RFP No. 21

RFP No. 21 seeks diaries, calendars and a series of other documents "maintained or saved" by Plaintiff from August 10, 2018 to the present. Plaintiff's improper boilerplate response to this request was an objection on the grounds that it is "vague, ambiguous, overbroad, not relevant, nor is it proportional." No further elaboration was provided.

Defendants assert that the information sought in this request is necessary to determine whether Plaintiff spoke on a matter of public concern, whether she was aware of her own privilege and "to determine the content, tone and context of her speech." They also claim that this

3

information is relevant to Plaintiff's claimed damages and credibility. Defendants also indicate that they have serious concerns that Plaintiff is withholding documents or has failed to conduct a diligent search for responsive documents.

As noted, Plaintiff originally provided an improper boilerplate response to RFP No. 21 that offered no guidance as to why RFP No. 21 was objectionable. Her opposition to Defendants' motion provides some elaboration, and also states that she attempted to consult with Defendants to narrow the scope of this request without success. Plaintiff contends that the scope is unreasonable because it is neither limited in "purpose" or time frame. Noting that the Facebook post at issue is dated August 9, 2020, she argues that there is no basis to request documents going back to August 2018, and further, that the request is not limited to the matters at issue in this case.

The Court agrees that the scope of this request is overly broad precisely because it is not limited to the issues in this case but rather, seeks unlimited access to a series of documents maintained by Plaintiff. In addition, the reasons given by Defendants for the relevance of this request simply do not support a wholesale exploration of Plaintiff's journals, diaries, calendars, message pads, telephone logs, appointment books and notebooks for the past five years. Therefore, with respect to the breadth of the request, Plaintiff's objections are sustained.

Thus, Defendants' motion to compel with respect to RFP No. 21 is denied without prejudice, and Defendants may, if they chose to do so, recraft a request that is targeted to the matters at issue.

C. RFP No. 22

In RFP No. 22, Defendants request documents regarding or reflecting communications between Plaintiff or any representative of Plaintiff and any person that relate to her allegations in

this case. In addition to stating the same boilerplate response that was provided in response to RFP No. 21, Plaintiff also responds: "please see the attached production."

Defendants indicate that they have concerns that Plaintiff's response is incomplete and that she may be withholding documents. This appears to be based on the fact that Plaintiff has identified several individuals with whom she has spoken but has not produced any responsive documents.

Plaintiff responds that the only relevant consideration is whether her post was on a matter of public concern and that seeking every communication that she may have had about the lawsuit is nothing more than a fishing expedition designed to "harass and annoy." She notes that she has produced a number of documents that contain her "extensive and detailed thoughts" about the discipline imposed by Defendants as well as her damages.

Plaintiff's arguments miss the mark. The fact that she has responded to RFP No. 22 by producing some documents does not necessarily lead to the conclusion that she has produced all documents that are responsive to this request. Contrary to Plaintiff's assertion, Defendants are not limited to discovery about their defenses, but are also entitled to seek information about matters related to Plaintiff's claim. It is certainly possible that Plaintiff made statements or comments to others that may have some relevance to her claim in this case. As such, documents that reflect or relate to Plaintiff's communications with other individuals about her allegations in this case, if any, may well include such information. Plaintiff's narrow view of the scope of discovery is also inconsistent with Rule 26, including the fact that information within the scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). And based on her response to RFP No. 22 and her opposition to Defendants' motion, it is not possible to determine if Plaintiff has produced all requested documents in her possession.

Therefore, Defendants' motion to compel will be granted as to RFP No. 22. In the event that Plaintiff does not possess any additional responsive documents, she shall sign and provide a certification to Defendants that she has produced all documents in her possession that are responsive to RFP No. 22.

### D. RFP Nos. "31" and "32"[1]

RFP No. 25 asks for any ESI that is responsive to RFP Nos. 1 through 30 [sic]. Plaintiff objects on the grounds that the request is "vague, ambiguous, overbroad, not relevant, nor is it proportional." By way of a further response, Plaintiff indicates "see attached production."

RFP No. 26 asks Plaintiff to conduct a search for ESI "using the Search Terms contained in the Instructions. . . set forth above"[2] for documents related to Plaintiff's employment. In addition to the same boilerplate objections, Plaintiff objects to the identified search terms "for the same reasons" and then states: "please see the attached production."

With respect to both responses, Defendants state that Plaintiff has neither produced documents nor confirmed that the information does not exist. Notably, with the exception of RFP Nos. 4, 12 and 24, Plaintiff's responses to each of the other requests for production state "please see the attached documentation."

Plaintiff argues in her response that she should not have to produce ESI because the requests are overbroad and irrelevant. She apparently contends that the "ulterior motive" for all of

---

[1] Defendants' motion and brief reference RFP Nos. 31 and 32, as does Plaintiff's response. The Request for Production attached as Exhibit A to Defendants' motion ends at RFP No. 26. Defendants have not provided a document that includes RFP No. 31 or 32. The Court notes that the verbatim quotation of RFP No. "31" that appears in Defendants' motion is identical to RFP No. 25 in Exhibit A. Similarly, the quotation of RFP No. "32" is identical to RFP No. 26 in Exhibit A. Therefore, the Court will address the parties' positions with respect to RFP Nos. 25 and 26.
[2] No instructions or search terms are included in Exhibit A nor have they been otherwise provided.

Defendants' requests is to invade her privacy as to "every bit and piece of her life." What Plaintiff does not explain is why the production of ESI with respect to all of the requests to which she responded by producing documents is unduly burdensome or not proportional to the needs to this case. Further, since she produced documents with respect to these requests despite her objections, it is difficult for her to successfully argue that they are wholly irrelevant.

As a result, with respect to all requests for which Plaintiff responded that she was producing documentation, she shall respond to RFP No. 25 by producing any ESI in her possession that has not already been produced. If she does not possess any additional ESI, she shall provide a signed certification to Defendants that she has produced all documents in her possession that are responsive to RFP No. 25.

With respect to RFP No. 26, however, Defendants have failed to supply the search terms referenced therein. Plaintiff has objected to these unidentified search terms. Without access to them, the Court has no means to assess the search terms or Plaintiff's objection.

Therefore, Defendants' motion to compel will be granted as to RFP No. 25 and denied without prejudice as to RFP No. 26.

    E.  <u>Privilege Log</u>

Finally, Defendants note that Plaintiff has not asserted privilege as to any of the requested documents but remain unsure if Plaintiff has withheld documents for which she asserts a privilege. Therefore, they request that a privilege log be produced.

Defendants' motion to compel will be granted with respect to this issue. Plaintiff shall either produce a privilege log or shall provide a signed certification to Defendants that she is not withholding any documents requested by Defendants on the basis of privilege.

Therefore, this 18th day of January 2024, it is ORDERED that Defendants' Motion to Compel Production of Documents is granted in part and denied in part. Consistent with the discussion herein, Defendants' motion is DENIED with respect to RFP Nos. 21 and 26 and is otherwise GRANTED. Plaintiff shall supplement her responses to RFP Nos. 19, 22 and 25 and produce a privilege log, or provide the required certifications, no later than February 16, 2024.

BY THE COURT:

/s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge