**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENISE DELTONDO, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-cv-00350 |
| | ) | |
| vs. | ) | |
| | ) | |
| THE SCHOOL DISTRICT OF | ) | |
| PITTSBURGH et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This matter comes before the Court on dueling motions to compel discovery.  On Friday, July 12, 2024, Defendants filed a Second Motion to Compel Production of Documents (ECF 127) with a supporting Brief (ECF 128).  On the next business day, July 15, 2024, Plaintiff filed a Second Motion to Compel Discovery (ECF 129), as well as a Brief (ECF 130). Both motions have been fully briefed. (ECF 133, 134, 137, 144.)

As discussed below, the relief sought by Plaintiff and that sought by Defendants will be granted in part and denied in part.

I.  **Relevant Background**

Regrettably, this action is notable for the nature and extent of the parties' discovery disputes. Four separate motions related to a multitude of discovery issues were filed in December 2023, accompanied by extensive briefing.  Orders on these motions were entered on January 18, 2024 (ECF 95, 96, 97 and 98) and discovery was extended until April 30, 2024. Because both Plaintiff and Defendants asserted objections to certain aspects of these orders, the deadlines established in the discovery orders were continued generally until District Judge Stickman ruled on the objections.

The parties' objections were overruled by Judge Stickman by order dated February 27, 2024 (ECF 117).  This Court then issued an order that directed the parties to comply with its previous rulings by March 29, 2024 (ECF 118) and set a new fact discovery deadline of June 28, 2024.  The parties then sought and were granted a further extension until April 5, 2024 within which to comply with the discovery orders (ECF 121, 122). An additional unopposed request by Plaintiff for extension of time for the completion of fact discovery (ECF 123) was granted, further extending the deadline until July 31, 2024 (ECF 124).

Inexplicably, the Court was not advised of ongoing discovery issues until several weeks before the close of fact discovery.  This is particularly troubling given that at least some of the issues now being raised were required by court order to be accomplished no later than April 5, 2024.  And based upon a review of the parties' briefing, some of the disputes that are the subject of the parties' motions could have, and should have, been resolved long before now.  The resolution of these disputes will require yet another extension of discovery in an action already prolonged by excessive, avoidable or voluminous motions practice.[1]  This is a far cry from an effective or efficient use of the parties' resources nor does it promote judicial economy.

The Court will now turn to an analysis of the two motions before it.

---

[1] By way of example only, Plaintiff attaches 65 pages, including 23 pages of emails and correspondence, to her response to Defendants' motion to compel and a 330-page exhibit in support of her motion to compel.

## II.     Discussion

### A.  Defendants' Second Motion to Compel Production of Documents

#### 1.   Matters no longer in dispute

Defendants' motion raises multiple issues, some of which have been belatedly resolved by Plaintiff. With respect to Request for Production ("RFP") No. 19, Plaintiff was ordered to supplement her response by April 5, 2024.  She now represents that this matter has become "moot" because she provided a declaration dated July 24, 2024 that she does not possess the 2019 and 2012 W-2 forms sought by Defendants.  Plaintiff fails to explain why she was either unable or unwilling to provide this declaration until three months after the court-ordered deadline of April 5, 2024.

With respect to revised RFP Nos. 1 and 2, Plaintiff again represents that this issue is also moot since she has belatedly complied with the Court's order, albeit only after Defendants moved to compel her to do so.  However, as discussed below, Defendants dispute Plaintiff's compliance with RFP No. 2.

#### 2.   Privilege log

Defendants move to compel the production of an amended privilege log due to certain deficiencies.  Specifically, they note that one of the entries cites the basis of the privilege as "attorney-client privilege and/or work product," a designation that the Court previously ruled was improper.  Plaintiff counters that a document may fall within both categories, and in fact, her privilege log does contain multiple entries the state the basis of the privilege as both "attorney-client privilege and work product." (ECF No. 127-5.)  However, as previously ruled in connection with Defendants' privilege log, the entry improperly states "and/or." Thus, it must be amended to state the nature of the privilege or privileges and may not include "and/or."

Defendants also object to documents that have been withheld based upon "union representative privilege." (Id.) They contend that there is no such privilege under Pennsylvania law. In response, Plaintiff cites a single case from Illinois in support of her assertion of this privilege, *Bell v. Village of Streamwood*, 806 F. Supp. 2d 1052 (N.D. Ill. 2011). In that case, a party invoked a union agent privilege codified under Illinois law, The issue before the court was "whether to expand the federal common law of privilege to include communications protected by Illinois statute." *Id.* at 1055. While the court did recognize the privilege, it concluded that it had been improperly asserted. Notably, this issue arose only because Illinois recognizes a union agent privilege in the first instance. *See also Peterson v. State*, 280 P.3d 559, 564 (Alaska 2012) (recognizing union privilege as implied in Alaska's Public Employment Relations Act).

Plaintiff does not demonstrate, let alone suggest, that Pennsylvania law recognizes such a privilege, and "the Third Circuit has not recognized any employee-union privilege." *Chambers v. Waters Edge Convalescent Ctr.*, 2020 WL 13614906, at *2 (D.N.J. May 7, 2020).[2]

Moreover, where this privilege has been recognized, it applies only to "communications made (1) in confidence; (2) in connection with 'representative' services relating to anticipated or ongoing disciplinary proceedings; (3) between an employee and his union representative; (4) where the union representative is acting in his or her official representative capacity." *Bell*, 806 F. Supp. 2d at 1056. Even if Plaintiff had established the existence of a "union representative

---

[2] As the *Chambers* court noted, "countless courts have rejected *Bell*'s conclusion that an employee-union privilege exists."

privilege" under Pennsylvania law or by the Third Circuit, Plaintiff has failed to satisfy these elements. Therefore, Plaintiff will be ordered to amend her privilege log and produce any document that has been designated as privileged based solely on a "union representative privilege."[3]

Next, Defendants object to Plaintiff's privilege log entries that only state "privileged" in the subject line. The word "privileged" is not in the original document; rather the subject line was redacted and was replaced by "privileged." Thus, Defendants argue that in the absence of the subject line, they cannot evaluate the basis for the privilege asserted. Plaintiff contends that revealing the subject lines would reveal privileged information. The Court notes that in each of the entries in question, the author is the Plaintiff and the recipient is Plaintiff's counsel. Given the representation by an officer of the court that disclosing the subject line would disclose a privileged communication, and the fact that Defendants have not requested *in camera* review, the Court declines to order Plaintiff to amend her privilege log to include this information.

Next, Defendants submit that an attorney-client relationship existed for a time between Plaintiff's counsel and Amy McLaughlin, Plaintiff's therapist. Plaintiff has objected to producing or otherwise responding to discovery regarding her counsel's communications with Ms. McLaughlin on the basis of privilege. While Plaintiff's response to Defendants' Supplemental Request for Production provides some information about these communications (ECF 133-2), Plaintiff has not produced a privilege log reflecting these communications. Therefore, with respect to this issue, Plaintiff shall produce a privilege log that reflects all documents relating to privileged communications between Plaintiff's counsel and Ms. McLaughlin. Further, to the extent that there

---

[3] Based upon a review of the privilege log, only one entry appears to be withheld based only on this privilege. A second document references both this privilege and the attorney-client privilege. Plaintiff is directed to review this document and determine whether it is subject to the attorney-client privilege.

were communications between Plaintiff's counsel and Ms. McLaughlin that are not privileged, Plaintiff's counsel shall produce all documents that constitute or reflect such communications.[4]

       3.   RFP No. 25

In its January 18, 2024 Order, the Court required Plaintiff to respond to RFP No. 25 by producing any ESI in her possession that was not already produced (ECF 98 at 7). Plaintiff failed to do so, apparently choosing instead to inexplicably send a Facebook friend request to defense counsel. Additionally, as Defendants point out, RFP No. 25 is not limited to Facebook, but encompasses other social media accounts identified by Plaintiff.

Plaintiff's attempts to justify not only her failure to comply with a court order are unconvincing, as is her untimely argument that Defendants' request is too burdensome or overbroad. As Defendants point out, they are not interested in Plaintiff's full social media information, only information related to their tailored requests regarding the claims and defenses in this case. Moreover, Plaintiff's objections are unpersuasive given her apparent ability to selectively produce certain social media information.

Plaintiff has failed to either comply with an order of court issued months ago, to seek modification of this order, or to confer with counsel about any alternative proposal that may have provided the requested information without undue burden to either party. Her failure to do so renders untimely any otherwise appropriate objections she may have had. Therefore, Plaintiff will be ordered to produce the documents requested in RFP No. 25, and, to the extent not already produced, those requested in RFP No. 2.

---

[4] Defendants raise concerns about the conduct of Plaintiff's counsel in this context. These matters are disputed by Plaintiff's counsel. However, Defendants do not request a remedy from this Court and until such time, if at all, that they do so, the Court takes no position nor does it draw any conclusions regarding this matter. Similarly, Plaintiff's allegations in her Reply about Defendants "hiding" a witness and their alleged lack of veracity are not the subject of Plaintiff's motion to compel and will not be addressed in this order.

B. <u>Plaintiff's Second Motion to Compel Discovery</u>

In her motion, Plaintiff seeks relief with respect to multiple issues.

1. Adequacy of responses

Plaintiff disputes that Defendants have produced all documents that are in their care, custody and control. Specifically, Plaintiff asserts that Defendants have not produced all documents in their possession regarding the following:

- All documents regarding Plaintiff, her re-post, district and public reaction to the re-post, the Hamlet Statement, and the Waskowicz letter from August 9-11, 2020.

- All documents regarding Plaintiff, the investigation, and the statement of charges from August 11 to December 23, 2020.

- All DEI and Racial Equity Policies and Programs in place in 2020, and an archived or backup version of the District website from July or August 2020.

Defendants assert that they have produced all requested non-privileged documents that are in their possession, custody or control.

The Court understands that Plaintiff questions whether other non-privileged documents exist that have not been produced. At the same time, Defendants assert that they have, in fact, produced all such documents. Therefore, in order to resolve this dispute, the Court will order Defendants to submit a certification by counsel to Plaintiff that they have conducted all necessary searches for the requested documents and have produced all responsive, non-privileged documents that are in their possession, custody or control.[5]

---

[5] Given the fact that Defendants will be required to provide this certification, Plaintiff's request for "an archived or backup version of the District website from July or August 2020" will be denied.

2.  Re-answer Request Nos. 2, 3, 4, 6, 7, 19, 20 through 28 and 31

In the Court's prior order, it overruled Defendants' objections to Request Nos. 2, 3, 4, 6, 7, 19, 20 through 28 and 31 and required Defendants to produce any non-privileged documents responsive to these requests.  Plaintiff asserts that Defendants must "re-answer" these document requests based upon the Court's prior ruling.

This Court notes that while the order it previously issued has been interpreted differently by the parties, it did not intend to require Defendants to re-answer any of the document requests at issue. Indeed, at this juncture, requiring them to do so would represent form over substance. Because it overruled Defendants' objections and ordered them to produce responsive  documents to each of the requests at issue, the Court concluded then, and concludes now, that Defendants will not be required to re-answer all of Plaintiff's document requests.  The certification required in this order will ensure that all responsive documents have been produced.

3.  RISE documents

In her motion, Plaintiff seeks to compel her RISE evaluations from 2013 to 2021, "including all subcategory evaluations signed off on by Ms. Deltondo and her supervisor or explain in detail why they are not available and where employee RISE evaluations are maintained." Defendants maintain that they have produced all such documents.

Plaintiff takes issue with the adequacy of the declaration of Tiffany Waskowicz regarding the efforts to search for and produce RISE evaluations. She also represents  in her Reply that during the recent deposition of Alexis Fadick, Plaintiff's principal, Ms. Fadick testified that she performed RISE evaluations of Plaintiff and the summaries produced were not the "final copies" because they were not signed.

The Court does not find that the Waskowicz declaration is misleading or vague. Given Ms. Fadick's testimony, it may be that some "final copies" have not be produced but Plaintiff has failed to demonstrate that any responsive documents have been deliberately withheld or subject to an inadequate search.  However, in order to bring finality to this alleged controversy over a matter of, at best, marginal relevance, the Court will require counsel for Defendants to submit a certification that all RISE evaluations in the possession or control of Defendants have been produced.

    4.   Privilege Log

Finally, Plaintiff complaints that Defendants did not produce redacted versions of any of the documents identified on their privilege log. Defendants represent that they have reviewed all documents withheld on the basis of privilege and have concluded that none of the documents could be produced in redacted form without inadvertently disclosing the nature or content of the privileged communication.[6]  They also state that contrary to Plaintiff's assertion that Solicitor Weiss, who is a counsel of record in this case, was serving in a "dual role" as attorney and acting chief of HR, he was only acting as a legal advisor during the matters at issue and never served as acting chief of HR.

Notably, Plaintiff makes no request for an *in camera* review of the documents designated as privileged by Defendants.  Indeed, given the length of time that Plaintiff has had access to Defendants' privilege log, any such request would be untimely at this point.  In the absence of such a review, and in light of Defendants' representations, the Court concludes that Plaintiff has provided no reasoned basis for compelling the production of redacted versions of the documents identified as privileged.

---

[6] Defendants also take note that Plaintiff has not produced any redacted privileged documents.

Therefore, this 19th day of August, 2024, it is hereby ORDERED as follows:

1. Defendants' Second Motion to Compel Production of Documents (ECF 127), is GRANTED in part. No later than September 18, 2024, Plaintiff shall:

   - Amend her privilege log by revising any entry that uses "and/or" as the basis of a privilege and provides the basis or bases for the privilege asserted;

   - Amend her privilege log by eliminating any assertion of the "union representative privilege" and produce any document that has been designated as privileged based solely on this privilege;

   - Produce a privilege log that reflects all documents relating to privileged communications between Plaintiff's counsel and Ms. McLaughlin, and to the extent that there were communications between Plaintiff's counsel and Ms. McLaughlin that are not privileged, produce all documents that constitute or reflect such communications; and

   - Produce the documents requested in RFP No. 25 and, to the extent not already produced, in RFP No. 2.

Defendants' Second Motion to Compel is DENIED with respect to its request that Plaintiff be required to amend her privilege log to revise the subject lines that currently read "privileged."

2. Plaintiff's Second Motion to Compel Discovery (ECF 129) is GRANTED in part. No later than September 18, 2024, Defendants shall submit a certification from counsel that Defendants have produced all responsive, non-privileged documents in their possession, custody or control with respect to the following:

   - Regarding Plaintiff, her re-post, district and public reaction to the re-post, the Hamlet Statement, and the Waskowicz letter from August 9-11, 2020.

- Regarding Plaintiff, the investigation, and the statement of charges from August 11 to December 23, 2020.

- All DEI and Racial Equity Policies and Programs in place in 2020.

- RISE evaluations.

Plaintiff's Second Motion to Compel Discovery is otherwise DENIED.


Dated: August 19, 2024                                BY THE COURT:


                                                      /s/ Patricia L Dodge
                                                      PATRICIA L. DODGE
                                                      United States Magistrate Judge