**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENISE DELTONDO, | ) |
| | ) |
| Plaintiff, | ) 2:22-cv-350 |
| | ) |
| vs. | ) Magistrate Judge Patricia L. Dodge |
| | ) |
| THE SCHOOL DISTRICT OF PITTSBURGH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Defendants have filed a Motion for Sanctions Seeking Dismissal of Lawsuit (ECF No. 160). In it, they argue that Plaintiff's failure to preserve key evidence and willful violation of the Court's discovery orders and other discovery misconduct warrant the dismissal of the dismissal of this action with prejudice.[1]

For the reasons that follow, Defendants' request for dismissal will be denied, but they will be permitted the opportunity to seek further relief.

**I.   Relevant Background**

After Plaintiff shared a social media post on Facebook (the "Privilege Post") on August 9, 2020, she was suspended by the School District.  Multiple discovery requests by Defendants sought ESI and other information, including copies of the Facebook and Instagram versions of the Privilege Post, comments and reactions to these posts, and a list of her Facebook friends, Instagram followers and groups she belonged to in August 2020.  Multiple orders issued by the Court,

---

[1] Defendants alternatively request that, if the Court does not grant dismissal, they be provided with the opportunity for supplemental briefing on the issue of alternative sanctions. (ECF No. 161 at 19 n.14; ECF No. 172 at 5 n.13.)

including orders issued on August 19, 2024 and September 23, 2024, compelled production of this information. Defendants note Plaintiff's repeated pattern of disregarding orders of this Court.

According to Defendants, Plaintiff admitted on September 27, 2024, the last day of fact discovery, that in August 2020, she deleted the Privilege Post from her Facebook account and cannot identify her Facebook friends list as it existed then. Further, she has failed to produce an Instagram post that reflected a different version of the Privilege Post to which she commented differently. In addition, she did not identify in her responses to Defendants' discovery any responsive documents were no longer in her possession, custody or control, including whether they had been disposed of or destroyed. Defendants further assert that Plaintiff's September 18, 2024 document production consciously disregarded the Court's order to produce relevant other social media content that may be material to claims and defenses. As of the time of Defendants' filing, Plaintiff had also failed to produce an amended privilege log as required by the Court.

Plaintiff responds that she notified Defendants on April 17, 2024 that the post had been "removed"[2] and that Defendants possess numerous copies of the screenshot that someone other than Plaintiff circulated on social media and which formed the basis for their disciplinary decisions. Plaintiff claims, without any factual or legal support, that it is "common" for an employee to delete information upon suspicion of wrongdoing. Further, she argues that while Defendants deposed her in November 2023, they only asked limited questions about her social media and never followed up with her offer to sit for a second deposition. Plaintiff asserts that she does not have access to her friends list as of August 2020 and in any event, this information is irrelevant because Defendants reacted to the public posting by other social media users. She also notes that if an employee of Defendants saw the post on her Facebook account and reacted

---

[2] Defendants assert that notice of "removal" is not equivalent to notice that the post was deleted.

negatively to the point of causing disruption, Defendants would already have access to this information. Finally, she advises that she belatedly amended her privilege log subsequent to the deadline ordered by the Court.

Notably, Plaintiff did not explain her failure to timely comply with various orders of court.

## II. Discussion

Defendants seek dismissal of this case with prejudice under both Rule 37(e)(2)(C) for Plaintiff's failure to preserve electronically stored information and Rule 37(b)(2)(A)(v) based upon violation of court orders and other discovery conduct. The authority to issue sanctions for spoliation comes from both the Federal Rules of Civil Procedure and the Court's inherent authority to sanction litigants for misconduct. *Mosaid Techs. Inc. v. Samsung Elecs. Co.,* 348 F. Supp. 2d 332, 335 (D.N.J. 2004). Whether to impose sanctions is within the Court's sound discretion. *Bozic v. City of Washington, Pa.,* 912 F. Supp. 2d 257, 266 (W.D. Pa. 2012).

### A. Application of Rule 37(e)

Defendants claim that Plaintiff failed to preserve ESI, including her Facebook and Instagram posts, including comments, reactions and re-shares, as well as the identity of her Friends and followers at the time of the Privilege Post on both sites. While requested by Defendants in discovery, none of this ESI was produced. As previously discussed, Defendants claim that they were advised by Plaintiff on the last day of discovery that that the Privilege Post on Facebook was deleted in August 2020.

Rule 37(e) of the Federal Rules of Civil Procedure provides that:

If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

>   (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
>   (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>>      (A) presume that the lost information was unfavorable to the party;
>>
>>      (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>>      (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). Rule 37(e) provides the exclusive remedy for spoliation of ESI. *Bistrian v. Levi,* 448 F. Supp. 3d 454, 465 (E.D. Pa. 2020).[3]

As a district court summarized:

The advisory committee's notes to the 2015 amendment further explain the elements of spoliation of ESI. First, the spoliating party was under a duty to preserve when the loss occurred. Second, the lost ESI was within the scope of the duty to preserve. Third, "the information was lost because the party failed to take reasonable steps to preserve" it. Fourth and finally, because ESI "often exists in multiple locations," spoliation occurs only where the information is truly lost and not recoverable elsewhere.

*Bistrian v. Levi*, 448 F. Supp. 3d 454, 465 (E.D. Pa. 2020) (footnotes omitted).

"Upon finding that spoliation occurred, the court must then determine what sanction(s) to impose" based on Rule 37(e)(1) and Rule 37(e)(2). *Manning v. Safelite Fulfillment, Inc.*, No. 17-2824, 2021 WL 3557582, at *5 (D.N.J. Apr. 29, 2021). "A court may resort to (e)(1) measures only upon finding prejudice to another party from loss of the information…. Subdivision (e)(2), on the other hand, does not include a requirement that the court find prejudice to the party deprived

---

[3] Defendants cite to the *Poulis* factors regarding dismissal. As the bulk of the information at issue is ESI, the Court concludes that analysis under Rule 37(e) is appropriate here.

4

of the information….." *Id*; *compare* 2015 Advisory Committee Notes to Fed. R. Civ. P. 37(e)(2) ('[A] court may resort to (e)(1) measures only 'upon finding prejudice to another party from loss of the information.' An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation.") *with* 2015 Advisory Committee Notes to Fed. R. Civ. P. 37(e)(2) ("Subdivision (e)(2) does not include a requirement that the court find prejudice to the party deprived of the information. This is because the finding of intent required by the subdivision can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position. Subdivision (e)(2) does not require any further finding of prejudice").

Finally, in determining which sanction to impose, the Third Circuit's three-factor test guides district courts. *Bistrian*, 448 F. Supp. 3d at 465 n.14 (citing *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019)). The "three factors district courts must consider when contemplating Rule 37 sanctions: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *GN Netcom, Inc.*, 930 F.3d at 82.

Here, Defendants assert that Plaintiff willfully deleted the ESI they have sought and that they have sustained prejudice as a result. Defendants contend that Plaintiff's duty to preserve ESI began on August 10, 2020, when she became aware that the School District was conducting an investigation about the Privilege Post. In her Amended Complaint, Plaintiff alleges that once the School District learned of the Privilege Post, she was:

5

> *indefinitely* suspended without notice or hearing, and was also publicly blasted, humiliated, defamed, and stigmatized by Defendants. It is clear from Defendants' statements and actions that this was done with intent to terminate. . . Moreover, the outrageous public attack on August 10, 2020, on Denise by Defendants made it impossible for Denise to return to her teaching position and permanently damaged her teacher career.

(ECF No. 13 ¶¶ 51, 52.) Defendants also note that by August 2020, Plaintiff was represented by counsel, and based upon her allegations that she was defamed and humiliated with the intent to terminate her, she would have concluded that the Privilege Post should have been preserved in anticipation of litigation. Moreover, she admits that she destroyed the Privilege Post. In their reply brief, Defendants correctly note that Plaintiff never revealed this information prior to April 2024 (despite RFPs on June 13, 2023 and April 5, 2024 seeking ESI and asking if any document had been disposed of or destroyed), never explained what happened to the Instagram version and in any event, her offer to appear for a second deposition would not cure the issue. They contend that Plaintiff's argument that it is "incredibly common" for employees to delete posts in disciplinary situations is unsupported and is no defense to spoliation.

Further, Defendants argue that merely having a screen shot of a social media post does not allow them to investigate who may have received it, re-shared it or commented on it. They assert that this is directly relevant to their defense that Plaintiff's actions created or could have created disruption and to defend against Plaintiff's claim that it was the issuance of the District's statement that caused disruption. Thus, Defendants argue that they have sustained prejudice by the destruction of this evidence.

Plaintiff contends that there was no duty for her to preserve the post in August 2020 and therefore, her deletion of the Privilege Post from her Facebook account was not spoliation. She asserts in an affidavit (ECF No. 167 Ex. 2) that she removed the post because of the discipline pending against her, not because of possible litigation, and that she offered to be deposed on this

issue, but Defendants did not accept this offer. Further, Defendants have numerous copies of the screenshot of the post and their speculation about possible social media shares or comments on the actual post itself is not evidence. She does not address the other ESI that was not produced.

As noted by the Third Circuit:

> "For the [spoliation] rule to apply ... it must appear that there has been an actual suppression or withholding of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. See generally* 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d Evidence § 177 ('Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.')."
>
> *Brewer [v. Quaker State Oil Ref. Corp.],* 72 F.3d [326,] 334 [(3d Cir. 1995)] (emphasis added). *Therefore, a finding of bad faith is pivotal to a spoliation determination.*

*Bull v. United Parcel Serv., Inc.,* 665 F. 3d 68, 79 (3d Cir. 2012).

Based upon the parties' submissions, the Court is unable to conclude that Plaintiff acted in bad faith with the intent to destroy ESI for the purpose of depriving Defendants of the information's use in this litigation. Therefore, it finds that Defendants are not entitled to relief under Rule 37(e)(2).

At the same time, however, it is necessary to explore the applicability of Rule 37(e)(1) to the matters at issue. Rule 37(e)(1) does not require an intent to deprive the other party of the use of its ESI in the litigation. Rather, the court may award measures to cure prejudice to the party who was deprived of ESI if the ESI should have been preserved in anticipation of litigation and the party who possessed the ESI failed to take reasonable steps to preserve it. As noted in *Bozic:*

> Whether a duty to preserve evidence is reasonably foreseeable is evaluated objectively. *Bull,* 665 F.3d at 78. "[T]he question of reasonable foreseeability is a 'flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation

7

> inquiry.'" *Id.* at 77-78 (internal quotation omitted). "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Mosaid,* 348 F. Supp. 2d at 336.

912 F. Supp. 2d at 267.

Here, it is undisputed that Plaintiff was in possession of the ESI at issue and deleted her Facebook post immediately upon being notified that she may be subject to discipline. She admits that she did so because of the initiation of disciplinary proceedings. Moreover, according to her Amended Complaint, she felt defamed and humiliated, and believed that she would be terminated. Thus, Plaintiff's conduct suggests that she anticipated the possibility of litigation and failed to take reasonable steps to preserve relevant ESI. She was under a duty to preserve ESI which she knew, or should have known, would likely be requested in litigation. Whether she did so with the intent to deprive Defendants of this information is irrelevant to a consideration of sanctions or other measures for relief under Rule 37(e)(1).

Moreover, Defendants have demonstrated that they have been prejudiced by Plaintiff's destruction of her social media information. As previously discussed, without access to the ESI associated with Facebook post, they cannot investigate who may have received it, re-shared it or commented on it. They are unable to access by any other means the information that would have been available, nor does Plaintiff convincingly argue otherwise. Simply put, contrary to Plaintiff's argument that Defendants have the necessary information through possession of screenshots, paper copies of screenshots of the post do not provide any ESI. The Court concludes that the deleted information is directly relevant to Defendants' assertion that Plaintiff's actions created or could have created disruption and to defend against Plaintiff's claim that it was the issuance of the District's statement that caused disruption. Plaintiff's suggestion that the District already

possesses this information because it has access to its employees fails to explain how, or who, Defendants could canvass to obtain this information.

For these reasons, the Court finds that Plaintiff failed to preserve ESI. At the same time, however, it declines Defendants' request to dismiss Plaintiff's action with prejudice. Such a sanction is warranted only when "the non-responsible party's case is severely impaired because it lacked the information that was not produced." *Bull*, 665 F.3d at 83. *See also GN Netcom, Inc.*, 930 F.3d at 82; *Mosaid*, 348 F. Supp. 2d at 335 ("Dismissal or suppression of evidence are the two most drastic sanctions because they strike at the core of the underlying lawsuit. As such, they should only be imposed in the most extraordinary of circumstances.").

Defendants have not demonstrated that Plaintiff's destruction of ESI warrants dismissal of this action. Among other things, they retain the ability to defend their actions and to produce other evidence, if any, that Plaintiff's Privilege Post caused disruption, or alternatively, could have caused disruption. However, the Court will permit Defendants to seek other relief to cure the prejudice caused by Plaintiff's destruction of ESI.

B. Rule 37(b)(2)(A)(v)

Relying upon Rule 37(b)(2)(A)(v), Defendants recite a number of other discovery violations for which they seek sanctions in the form of dismissal of this action with prejudice. In addition to Plaintiff's failure to comply with Court orders regarding the production of ESI, they cite other instances in which Plaintiff either failed to comply with an order at all or failed to do so by the deadline set by the Court. Plaintiff provides little to no explanation for her failure to do so. Without any explanation, the Court is constrained to conclude that Plaintiff does not believe that she is required to comply with this Court's orders.

Thus, while dismissal is not warranted here, Defendants may seek appropriate sanctions for Plaintiff's failure to comply with the Court's orders.

For all of these reasons, Defendants' Motion for Sanctions Seeking Dismissal of Lawsuit is **DENIED without prejudice** to seek further relief.

SO ORDERED this 22nd day of November, 2024.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge