IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE DELTONDO, | ) |
| | ) |
| Plaintiff, | ) 2:22-cv-350 |
| | ) |
| vs. | ) Magistrate Judge Patricia L. Dodge |
| | ) |
| THE SCHOOL DISTRICT OF PITTSBURGH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Denise Deltondo has filed a Motion for Sanctions and to Compel (ECF 162) which has been fully briefed. For the reasons that follow, her motion will be denied.

**I.   Relevant Background**

Plaintiff's motion was filed on September 27, 2024, the date on which fact discovery closed.[1] With respect to request for sanctions, Plaintiff seeks undefined adverse inferences. According to Plaintiff, Defendants have engaged in "vexatious discovery misconduct" by destroying or withholding documents and providing false certifications. She does not propose language for or specify the nature of the inference. Rather, she asks for an order that "Plaintiff shall submit proposed negative inference instructions within 10 days." (ECF 163-1).

Plaintiff also seeks to compel Defendants to "search their server repository for all material within the documents the server contains" and to produce a Rule 30(b)(6) designee for another deposition.

The substance of Plaintiff's motions for sanctions and to compel will be addressed below.

---

[1] Due to the significant number of discovery disputes in this case, the original fact discovery deadline of October 13, 2023 has been extended multiple times.

II.     **Motion for Sanctions**

   A. Prior Discovery Issues

In support for her motion, Plaintiff first contends that Defendants previously asserted frivolous legal arguments and engaged in prior discovery misconduct. She argues that this included failing to produce documents during the first year of discovery based on these frivolous legal arguments.[2] In addition, she asserts that Defendants initially produced only limited documents in response to her discovery requests and produced certain documents only two days before the depositions of Angela Allie and Ebony Pugh. Finally, Plaintiff claims, Defendants hid Ms. Allie by failing to identify her in their initial disclosures.

Defendants note in their response that the Court did not conclude that Defendants' position was "frivolous," and Plaintiff's attempt to revive this issue at this late juncture should be denied. Regarding the production of documents several days before the depositions of Allie and Pugh, Defendants assert that they searched for these documents at Plaintiff's request, and Plaintiff made no objections to the timing of their production. They note that Plaintiff was able to use these exhibits and question Allie and Pugh during their depositions, and as such, sustained no prejudice. Finally, with respect to Allie, they note that Plaintiff did not request through interrogatories the identity of individuals with knowledge regarding her allegations, and they amended their disclosures in March 2024 to add her. They also represent that Allie had no involvement in the review or investigation of Plaintiff or any role in the decision to issue a Statement of Charges against her.

---

[2] As Plaintiff notes, she filed a motion for sanctions (ECF 82) in December 2023 that was denied without prejudice and could be reasserted after certain discovery motions were decided by the Court. She claims that she chose not to refile a motion as a show of good faith.

B. <u>Plaintiff's Request for Sanctions Based on Withholding/Destroying Documents</u>

Plaintiff seeks an adverse inference based upon her contention that Defendants have destroyed or withheld documents. She claims that Defendants have not produced Board communications to Defendant Hamlet and School District administration between August 9 and 12, 2020 despite Hamlet's testimony that the Board believed that a statement had to be issued about Plaintiff's Facebook post. Plaintiff asserts that Defendants knew that they were withholding relevant discovery, including the documents produced several days before the Allie and Pugh depositions.

Plaintiff also claims that communications to and from Pugh were withheld. She asserts that no emails assigning the task of drafting the statement to Pugh were produced, nor were emails between Pugh and Hamlet despite the fact that Hamlet would have to approve the statement drafted by Pugh. Noting Defendants' duty to preserve these documents, Plaintiff notes that Defendants have certified that these documents do not exist. Because Defendants cannot explain why these documents do not exist, however, Plaintiff concludes that either the documents exist and are being withheld, or they were deliberately destroyed, thus forming the basis for an adverse inference.

In response, Defendants assert that Plaintiff has failed to articulate that any specific responsive, non-privileged information has been withheld or destroyed in bad faith, which is the relevant standard.

With respect to this portion of her motion, Plaintiff's motion and her supporting brief do not rely upon or cite to a specific rule of civil procedure. Since she references in part electronically stored information, the Court assumes that in this regard, she is relying on Rule 37(e) of the Federal Rules of Civil Procedure since Rule 37(e) provides the exclusive remedy for spoliation of ESI. *Bistrian v. Levi*, 448 F. Supp. 3d 454, 464 (E.D. Pa. 2020).

As it relates to Plaintiff's claim that Defendants may have destroyed evidence, "spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Swindell Dressler Int'l Co. v. Travelers Cas. and Surety Co.*, 827 F. Supp. 2d 498, 505 (W.D. Pa. 2011) (citation omitted). "Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (citation omitted).

"Upon finding that spoliation occurred, the court must then determine what sanction(s) to impose" based on Rule 37(e)(1) and Rule 37(e)(2). *Manning v. Safelite Fulfillment, Inc.*, No. 17-2824, 2021 WL 3557582, at *5 (D.N.J. Apr. 29, 2021). "A court may resort to (e)(1) measures only upon finding prejudice to another party from loss of the information…. Subdivision (e)(2), on the other hand, does not include a requirement that the court find prejudice to the party deprived of the information…." *Id*; *compare* 2015 Advisory Committee Notes to Fed. R. Civ. P. 37(e)(2) ('[A] court may resort to (e)(1) measures only 'upon finding prejudice to another party from loss of the information.' An evaluation of prejudice from the loss of information necessarily includes an evaluation of the information's importance in the litigation.") *with* 2015 Advisory Committee Notes to Fed. R. Civ. P. 37(e)(2) ("Subdivision (e)(2) does not include a requirement that the court find prejudice to the party deprived of the information. This is because the finding of intent required by the subdivision can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position. Subdivision (e)(2) does not require any further finding of prejudice").

A proper spoliation claim requires the moving party to set forth evidence with specificity. In the absence of a showing that specific evidence was "destroyed in order to prevent it from being used by the adverse party, a spoliation instruction is improper." *U.S. v. Nelson*, 481 F. App'x 40, 42 (3d Cir. 2012). *See Flanders v. Dzugan*, 2015 WL 5022734, at *5 (W.D. Pa. Aug. 24, 2015) (denying a spoliation claim when the only thing the plaintiff could say was that the defendants failed to put a litigation hold in place but could not show that any evidence was actually lost or destroyed or that it would have been beneficial to his case).

Here, Plaintiff asserts in part that Defendants have intentionally destroyed ESI.[3] Therefore, it appears that she is relying upon Rule 37(e)(2), which requires evidence of Defendants' intent to deprive her of the requested information in order to obtain an adverse inference. Under Rule 37(e)(2), a spoliating party acts in bad faith when he acts "with the intent to deprive another party of the information's use in the litigation." *Bistrian*, 448 F. Supp. 3d at 475 (citing Fed. R. Civ. P. 37(e)). "Because courts are unable to 'examine [a party's] head' to 'confirm [whether they] acted in bad faith,' courts look to circumstantial evidence to determine intent." *Id.* As the moving party, Plaintiff "has the burden to show that spoliation occurred and what sanctions are appropriate." *Carty v. Steem Monsters Corp.*, No. 20-5585, 2022 WL 17083645, at *4 (E.D. Pa. Nov. 18, 2022).

As an initial matter, there is no evidence that any ESI was destroyed. As Plaintiff acknowledges, her previous motion to compel (ECF 129) documents during the August 9 to 12, 2020 time frame was denied. Instead, Defendants were required to produce a certification that they had produced all relevant documents. On two separate occasions, including most recently on September 18, 2024, Defendants provided certifications that they have produced all responsive,

---

[3] Withholding documents would not be addressed under Rule 37(e), which relates to failure to preserve ESI.

5

non-privileged documents in their possession, custody or control. Notably, the privilege log produced by Defendants (ECF 166-1), which Plaintiff has not challenged, includes multiple documents dated August 11, 2020 that include Pugh and Hamlet.

In claiming that ESI was deliberately destroyed with the intent to deprive her of its use, Plaintiff relies principally on her own suppositions, rather than any circumstantial evidence, to support this claim. Her speculation fails to support sanctions, let alone an adverse inference. Thus, Plaintiff has failed to show that she is entitled to any relief under Rule 37(e)(2). She has also failed to demonstrate that she has sustained prejudice that would justify relief under Rule 37(e)(1).

Likewise, to the extent that Plaintiff's motion relates to non-ESI documents and information, upon a review of the history of discovery in this case, the Court cannot conclude that Defendants' prior conduct supports a motion for sanctions. The fact that document productions may require multiple searches over time is not unusual, and Plaintiff has not identified any intentional misconduct or prejudice as a result of belated production of information. Certainly, the discovery process has not been seamless. Nonetheless, Plaintiff has failed to support her supposition that Defendants either destroyed or withheld documents with any compelling evidence or argument. As such, no adverse inference would be appropriate.

  C. <u>Material from Server</u>

Plaintiff also seeks an adverse inference regarding the methodology used by Defendants to search for documents, or alternatively, that they be required to conduct additional searches. In making this argument, Plaintiff points to the testimony of David Moore, Defendants' IT designee, who testified that Defendants only searched for documents which included search terms in the title, not in the body of the document. According to Plaintiff, this represents an inadequate search

as it would limit the documents retrieved. Therefore, Plaintiff asserts, she is entitled either to an unspecified adverse inference or a requirement that Defendants conduct another search.

Defendants initially note that Plaintiff have never proposed an ESI plan or submitted a request for production of ESI. Further, they dispute that the search was inadequate. The note that Mr. Moore testified that Defendants conducted broad searches for key words as well as targeted searches on Microsoft Purview, which is part of Microsoft 365 and includes Word documents, OneDrive documents, email and Teams chat messages. (ECF 166-7 at 3-4.) They state that by contrast, the servers referenced by Plaintiff are onsite servers maintained at each individual school, separate from the cloud storage used by the School District. According to Defendants, on-site servers are rarely, if ever, used to store personnel documents, but nonetheless, Defendants searched by title on those servers. Finally, they note that Plaintiff failed to identify any documents that would exist on these individual servers that were not otherwise stored on Defendants' cloud storage.

The Court has reviewed the parties' arguments and the deposition testimony of Mr. Moore and concludes that Defendants did not engage in a bad faith search for documents that would warrant an adverse inference or other sanction. They used key words and targeted searches across multiple types of documents despite receiving no proposed search terms or ESI protocol from Plaintiff. Given that Plaintiff did not propose an ESI plan and did not identify search terms or other ESI parameters, her complaints that the results of Defendants' searches are inadequate are not persuasive. As Defendants point out, Plaintiff's assumption that if certain documents were not produced, they must have been withheld or destroyed is without any support.

Therefore, Plaintiff has not demonstrated that she is entitled to an adverse inference or an order compelling an additional document search.

D. <u>RISE Evaluations</u>

Plaintiff seeks an adverse inference regarding Defendants' failure to produce her RISE evaluations, or an order that they be produced. As to the latter issue, the Court previously ordered Defendants to certify that they have produced all documents within the possession, custody or control regarding Plaintiff's RISE evaluations, and Defendants have done so. *See, e.g.,* ECF 163-2 at 2. Plaintiff argues, however, that Mr. Moore, Defendants' IT designee, testified that RISE evaluations are kept on a hosted platform called EdReflect and Defendants have access to them. In turn, Defendants assert that Plaintiff mischaracterized Moore's testimony. Rather, EdReflect is a third-party vendor that the School District no longer uses and if EdReflect retained any backup information, it is not within its custody or control, as they have already certified.

They also note that EdReflect never had access to information housed in the District's Data Warehouse Department, and Mr. Moore testified that raw data is kept in the data warehouse. The raw data is essentially the text that would be entered into the interface for an evaluation and any raw data is reflected in the evaluation summaries was already produced by Defendants.

As the history of this matter demonstrates, Defendants have produced summaries of Plaintiff's evaluations and have stated that they do not possess Plaintiff's RISE evaluations. The Court has already ruled on the production of RISE evaluations. Plaintiff was permitted to further inquire only as to where RISE evaluations are located. She has done so. If they exist, they are in the possession of a third party. Therefore, the Court will not order Defendants to produce them. Moreover, Plaintiff has not shown that she is entitled to an adverse inference, presumably about what they might say, particularly in light of the fact that summaries of the evaluations have been produced. Moreover, as Defendants have not taken the position that Plaintiff's past performance

was inadequate or was the basis for her suspension, her prior evaluations are of extremely marginal relevance here.

### III. <u>Motion to Compel</u>

As noted above, Plaintiff has sought alternative relief compelling the production of documents or information in connection with its motion for sanctions. Most of these matters have already been resolved in this order.

That leaves only Plaintiff's motion to compel another deposition of Sylvia Wilson, who was a witness designated by Defendants to testify about certain topics in Plaintiff's 30(b)(6) Notice of Deposition. Plaintiff contends that Ms. Wilson was "grossly and deliberately not prepared." She notes that Ms. Wilson had no knowledge about who on the board ordered that the August 10 statement be published. In their response, Defendants note that Ms. Wilson testified that the board was not involved in the decision to issue the statement, only became aware of Plaintiff's post when the board received a notice that the statement was being issued and approved a resolution to issue the Statement of Charges as recommended by the Solicitor. They also note that as a board member, she would be privy to the same information as any other board member.

Plaintiff has not shown that Ms. Wilson was deliberately unprepared. Moreover, as to the only specific matter about which Plaintiff complains, i.e., which board member ordered the statement to be published, Ms. Wilson testified that the board was not involved in the decision.[4] As such, Plaintiff has failed to demonstrate that the District should be compelled to produce another 30(b)(6) deponent.

---

[4] Defendants also note that Tiffany Waskowicz testified during her designee deposition that no one on the board requested that a District administrator or staff member issue the statement.

## IV.    Conclusion

For these reasons, Plaintiff's Motion for Sanctions and to Compel is **DENIED**.

SO ORDERED this 22nd day of November 2024

/s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge