**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| DENISE DELTONDO, | ) |
| | ) |
| | ) Civ. A. No. 2:22-cv-350 |
| Plaintiff, | ) |
| | ) |
| vs. | ) Judge William S. Stickman |
| | ) Magistrate Judge Patricia L. Dodge |
| THE SCHOOL DISTRICT OF | ) |
| PITTSBURGH, et al., | ) |
| | ) |
| | ) |
| Defendants. | |

**MEMORANDUM ORDER**

Presently pending is Defendants' Petition for Fees and Costs (ECF 248) which is supported by a Declaration (ECF 249) and a Brief (ECF 250). Plaintiff has filed a Response to Defendants' Third Motion for Sanctions (sic) (ECF 256) which opposes Defendants' Petition.

For the reasons that follow, Defendants' Petition will be granted in part and denied in part.

## I.    Relevant Procedural Background[1]

Defendants filed a Second Motion for Sanctions (ECF 193) on March 14, 2025.  In a Memorandum Order issued on October 16, 2025, the Court granted in part and denied in part this motion. (ECF 241.)  While it is not necessary to discuss this ruling in depth, the Court granted Plaintiff's request to seek reasonable attorneys' fees and costs.  The Court indicated that it would consider awarding such fees and costs only with respect to certain matters: (1) those associated with Defendants' activities related to Plaintiff's spoliation of evidence; (2) their efforts to obtain the Privilege Post and contemporaneous social media information; and (3) their activities associated with Plaintiff's delay and/or failure to produce relevant ESI.  (ECF 241 at 11-12.)  Defendants were given leave to submit a petition which set forth in detail the fees and costs

---

[1] The background here is limited to matters relevant to the pending Petition and is not intended to recount the extensive discovery disputes between the parties over the course of this action.

associated with these issues, as well as an explanation as to the basis for the association.  They were also permitted to submit fees and expenses associated with their preparation of the Second Motion for Sanctions, limited to the three issues noted above.

Defendants' Petition and supporting documentation were subsequently filed.

A.  Defendants' Submission

Defendants seek recovery of fees and costs related to Plaintiff's "Spoliation and Discovery Delay/Failure." In support of their Petition, Defendants submitted a supporting Brief (ECF 250) and the Declaration of Attorney Jennifer Park. (ECF 249.) Ms. Park summarized the services performed by Defendants' counsel and paralegal and represented that the fees charged for their professionals' services are reasonable in consideration of their experience and comparable rates in the industry and region.

The Declaration includes three exhibits. Exhibit A (ECF 249-1) is a chart that provides a description of the legal work performed by attorneys Park, Michael Disotell and Abbie Britton, as well as work performed by a paralegal.  The chart provides a description of the work performed by each timekeeper, as well as the time spent on each task, the hourly rate of the timekeeper and the total amount incurred.  As appropriate, where the time entry included work on unrelated tasks, a pro-rated adjustment was made. (*Id.* at 1 n.3.)  Exhibit B (ECF 249-2) includes the biographies of counsel and Exhibit C (ECF 249-3) is a summary of the costs sought by Defendants.

Defendants assert that they incurred a total of $38,996.86 in fees and costs ($38,642.50 in fees and $354.36 in costs) associated with Plaintiff's spoliation and discovery issues and preparation of the Second Motion for Sanctions and they seek an award of these fees and costs jointly and severally against Plaintiff and Plaintiff's counsel. According to their Petition, their expenditure of time and resources regarding spoliation/discovery issues began around September

18, 2024 upon their review of Plaintiff's ESI production. They represent that the work consisted of a review of Plaintiff's ESI production and flagging its deficiencies, drafting a deficiency letter to Plaintiff's counsel, engaging in further correspondence to seek full compliance with this Court's discovery orders regarding Plaintiff's production deficiencies, and conducting legal research and analysis regarding spoliation standards and remedies.  They further seek fees and costs associated with preparing the Second Motion for Sanctions.

B.  Plaintiff's Response

In large measure, Plaintiff's opposition to Defendants' Petition revisits arguments previously made and addressed by the Court.  They will not be revisited here.

Plaintiff also claims, without any authority, that she is entitled to an "offset" for fees and costs she incurred in responding to Defendants' previous motions.  Notably, there is no pending motion by Plaintiff for the recovery of attorneys' fees or costs. This unsupported argument is also rejected.

Plaintiff also argues that the amounts requested are not justified because they are excessive, inappropriate and unsupported. She notes, among other things, that Defendants only submitted summaries of their billing entries, not their actual billing records.  Further, she contends that the amounts sought are not tailored to the Court's order, and instead seek to recover almost all of the fees and costs expended.  Based on these positions, she suggests a reduction of 90% of the requested fees and costs because most of the relief sought by Defendants in their prior sanctions motions was denied.

3

## II.    Discussion

### A.  <u>Fees</u>

The lodestar approach is appropriately used to examine the reasonableness of total billings in this matter. *See Student Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179 (3d Cir. 1995). This is the product of the hours reasonably expended and the hourly billing rate for the legal services rendered. *Id.; see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Assessing the reasonableness of a fee request required an analysis of the information that is submitted to support the work performed, the hours expended in that work and the hourly rate. *Id.*

A party requesting attorney's fees carries the burden of establishing the reasonableness of the fee. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) ("*ICO*") (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). To satisfy this burden, the fee requesting party is required to provide evidence supporting the hours worked and the rate claimed. *Rode*, 892 F.2d at 1183 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Court finds that while it is customary to submit actual billing records in support of a fee petition, it has no reason to question the accuracy of Defendants' summary in Exhibit A, which is supported by the Declaration of Ms. Park. Other than citing the best evidence rule, Plaintiff has provided no basis to reject the information in Exhibit A as untruthful or inaccurate.

A party seeking attorneys' fees must also show that its counsel's hourly rates are reasonable in light of the prevailing rates "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 402 (3d Cir. 2018) (quoting *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001)). Defendants' Declaration represents that counsel's fees are reasonable in consideration of their experience and comparable rates in the industry and region. Regarding their experience, Exhibit B

4

provides substantial supporting information about counsel's experience, skill and reputations. Plaintiff does not challenge the hourly rates of Defendants' counsel.

Based on the Court's knowledge of prevailing rates in this community for employment litigation, and having reviewed counsel's biographies, the Court concludes that their hourly rates are reasonable for comparable attorneys in comparable law firms in Pittsburgh.

The Court next turns to the fees requested.  For purposes of this opinion, the time entries in Exhibit A can be placed into two categories: (1) those related to legal work associated with Plaintiff's spoliation of evidence, efforts to obtain the Privilege Post and other social media, and Plaintiff's failure to produce ESI; and (2) legal work associated with the second motion for sanctions. In the first category, Exhibit A reflects that:

- Ms. Park's time entries of September 20, 2024 and October 18, 2024 relate to this category and total 4.8 hours, or $2,352.00.

- Mr. Disotell's time entries of September 19 and 20, 2024 relate to this category and total 10 hours, or $3,000.00.

- Ms. Britton's time entries between September 19, 2024 and October 7, 2024 relate to this category and total 11.7 hours or $2,983.50. Of the hour at issue, 11.2 hours was spent on legal research.

Thus, the total amount in fees claimed for discovery issues is $8,335.50.[2]

Armed with extensive knowledge of the discovery matters at issue and having reviewed in detail the descriptions of the work and time spent in these tasks, the Court finds that the legal work

---

[2] Exhibit A also includes time entries for Ms. Pozzuto, a paralegal, that total 1.3 hours, or $195.00 The Court declines to award any fees for the administrative task of proofreading and sending a deficiency letter or the entry of "further strategize response to Plaintiff's deficient production set," particularly given Mr. Disotell's efforts in this regard.

and time spent in such work was necessary and reasonable.  Therefore, Defendants are entitled to fees sought for the legal work of Ms. Park and Mr. Disotell in the sum of $5,352.00. As it relates to Ms. Britton, the Court recognizes the value of her legal research on the issue of spoliation.  At the same time, the Court will limit the fees that are associated with work performed on September 19, 20 and 24, 2024, all of which preceded Defendants' original Motion for Sanctions filed on September 27, 2024 which addressed spoliation in some detail.[3]  The fees associated with legal research on these dates is a total of $1,428.00.

Thus, as to this category, the Court finds that Defendants are entitled to fees from Plaintiff in the amount of $6,780.00. Given that the conduct at issue involves conduct both on the part of Plaintiff and Plaintiff's counsel, the obligation for payment of these fees shall be joint and several. *See* Rule 37(b)(2)(C).

As it relates to the second category, the Court's opinion permitted Defendants to submit a motion that sought fees and costs for preparation of the Second Motion for Sanctions.[4]  As reflected in Exhibit A, the amount sought in fees related to the Second Motion for Sanctions is $29,602.00.    The Court is confident that counsel for Defendants professionally and ethically performed the work described and incurred these fees in the service of their clients.  At the same

---

[3] Additional legal research performed later in September and October 2024 does not appear to be related to any pending motion for sanctions or related relief sought by Defendants in that time frame. While Defendants' Response in Opposition (ECF 166) to Plaintiff's Motion for Sanctions (ECF 162) includes a discussion of spoliation, this discussion relates to Plaintiff's claims that Defendants engaged in discovery misconduct and spoliation.

[4] Defendants appear to take an expansive view of the Court's statement that they could submit a petition that include fees and expenses associated with "their preparation of the [Second Motion for Sanctions]." (ECF 241 at 12.) Defendants' time entries include conferences with Defendants' solicitor, review of ECF docket entries, mock hearings, analyzing the "scope of magistrate's authority" to issue discovery rulings, debriefing and other matters that are not directly related to preparation of the motion. Regardless, the Court will consider all entries in Exhibit A that appear to relate to the Second Motion for Sanctions.

time, the amount sought is considerably excessive given the limited result achieved. And it is virtually impossible for the Court to reasonably and fairly reduce the fees for the specific tasks that were undertaken. By way of example only, the work of two attorneys engaged in drafting, reviewing and revising the Second Motion for Sanctions and thirteen-page Brief was over 20 hours. Any effort to fairly reduce the hours and commensurate fees would amount to little more than guesswork.

For these reasons, Defendants' request for fees associated with preparing the Second Motion for Sanctions will be denied.

B. Costs

Defendants also seek costs associated with making copies and research changes from Westlaw and Pacer in the total amount of $124.31. As these are normal administrative costs incurred by a law firm in connection with a litigation matter, the Court declines to award any costs to Defendants.

III.    Conclusion

For these reasons, Defendants will be awarded attorneys' fees in the amount of $6,780.00.

Therefore, this 8th day of June, 2026, Defendants' Petition for Fees and Costs (ECF 248) is GRANTED in part and DENIED in part. Defendants' Petition is GRANTED in part such that they will be awarded attorneys' fees in the total amount of $6,780.00. Plaintiff and her counsel shall jointly and severally pay $6,780.00 to the law firm of Dentons Cohen & Grigsby P.C. within 30 days of the date of this Order.

Defendants' Petition is otherwise DENIED.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

7